

1 | DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
2 | 351 California Street, Suite 700
San Francisco, California 94104
3 | Telephone: (415) 982-4000
Facsimile: (415) 434-0513
4
Attorneys for Plaintiff
5 | SEAN ALEXANDER HOLD

6

7 | UNITED STATES DISTRICT COURT

8 | NORTHERN DISTRICT OF CALIFORNIA

9 | SEAN ALEXANDER HOLD,                )   Case No. **CV  13  5814**
                                       )
10 |         Plaintiff,                  )   COMPLAINT FOR DAMAGES
   | v.                                  )
11 |                                     )   JURY TRIAL DEMANDED
   | CITY AND COUNTY OF SAN              )
12 | FRANCISCO, SAN FRANCISCO            )
   | POLICE DEPARTMENT, SAN              )
13 | FRANCISCO POLICE CHIEF GREG         )   
   | SUHR, POLICE OFFICER LUIS P.        )
14 | DEJESUS, POLICE OFFICER             )
   | DOHERTY, POLICE SERGEANT            )
15 | RYAN, POLICE SERGEANT JONAS,        )
   | and DOES 1-100, Jointly and Severally, )
16 |                                     )
   |         Defendants.                 )
17

18 | Plaintiff SEAN ALEXANDER HOLD, by and through his attorneys, the

19 | HELBRAUN LAW FIRM, for his Complaint against Defendants, states as follows:

20 | **I. INTRODUCTION**

21 |         1.      On February 17, 2013, at approximately 2:00 a.m., Plaintiff was returning

22 | with friends to a public parking lot at Broadway and Montgomery Streets in San Francisco, in

23 | order to retrieve their vehicles and go home. Plaintiff and one of his friends were good-naturedly

24 | pushing each other to the ground as they walked into the parking area. They were not fighting –

25 | no punches were thrown, no fists were clenched or raised, no injurious behavior was taking place.

26 | Plaintiff was playfully pushed to the ground by his friend. Another friend then immediately

27 | offered Plaintiff a hand and pulled Plaintiff back up. At that moment, several San Francisco

28 | Police officers ran up, pushed away Plaintiff's friend, and beat Mr. Hold with fists and batons,

**COMPLAINT AND JURY DEMAND**                                                                1

1  without justification, ignoring the entreaties of Plaintiff's friends, and seriously injuring Plaintiff.

2  ## II. JURISDICTION

3  2.  This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12133 and

4  the statutory and common law of the State of California. Jurisdiction is based upon

5  28 U.S.C. § 1343 and 29 U.S.C. §§ 794 and 706(8)(B), and the Court's pendent jurisdiction over

6  the state claims.

7  ## III. PARTIES

8  3.  Plaintiff Sean Alexander Hold was at all material times a resident of the

9  City of Fairfield, County of Solano, State of California.

10  4.  Defendant City and County of San Francisco ("CCSF") is a municipal

11  corporation established by the laws and Constitution of the State of California, and owns,

12  operates, manages, directs and controls the San Francisco Police Department ("SFPD"), which

13  employs other defendants in this action.

14  5.  Defendant Police Chief Greg Suhr at all times material was Police Chief of

15  the SFPD, and was acting within the course and scope of his employment. As Police Chief,

16  Defendant Suhr was a policy-making official for the Defendant CCSF with the power to make

17  official and final policy for the SFPD.

18  6.  Defendant Police Officer Luis P. DeJesus at all times material was

19  employed as a police officer by Defendant CCSF, and was acting within the course and scope of

20  his employment.

21  7.  Defendant Police Officer Doherty at all times material was employed as a

22  police officer by Defendant CCSF, and was acting within the course and scope of his

23  employment.

24  8.  Defendant Police Sergeant Ryan at all times material was employed as a

25  police officer by Defendant CCSF, and was acting within the course and scope of his

26  employment.

27  9.  Defendant Police Sergeant Jonas at all times material was employed as a

28  police officer by Defendant CCSF, and was acting within the course and scope of his

1  employment.

2         10.    The true names and capacities of Defendants sued herein as DOES 1-100
3  ("Doe Defendants") are unknown to Plaintiff, who therefore sues said Defendants by such
4  fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names
5  and capacities when the same are ascertained. At all material times, each Doe defendant was an
6  employee or agent of Defendant City and County of San Francisco acting within the course and
7  scope of that employment.

8         11.    Defendants DeJesus, Doherty, Ryan, Jonas and Does 1-10 shall be referred
9  to herein collectively as "Defendant San Francisco Police Officers." Plaintiff is informed and
10  believes that the Defendant San Francisco Police Officers were, at the time of this incident, part of
11  a squad assembled to address an alleged riot that had occurred on Broadway, and were
12  indiscriminately attempting to clear the parking lot of all persons, regardless of whether those
13  persons were actually patrons of the parking lot who needed to retrieve their vehicles.

14         12.    Plaintiff is informed and believes and thereon alleges that each of the
15  Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner
16  for the events and happenings as hereinafter described, and proximately caused injuries and
17  damages to Plaintiff. Further, one or more Doe Defendants were at all material times responsible
18  for the hiring, training, supervision, and discipline of other Defendants, and/or directly responsible
19  for violations of Plaintiff's rights.

20         13.    Each individual defendant (meaning non-municipal defendants) is sued in
21  his or her individual and official capacities.

22         14.    Plaintiff is informed and believes, and based upon such information and
23  belief alleges, that each of the defendants was at all material times an agent, servant, employee,
24  partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing
25  the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is
26  further informed and believes, and thereon alleges, that each of the defendants herein gave
27  consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the
28  acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise

COMPLAINT AND JURY DEMAND                                                               3

1  alleged.

2          15.    At all material times, each defendant was jointly engaged in tortious
3  activity, resulting in the deprivation of Plaintiff's rights under the United States Constitution and
4  the laws and Constitution of the State of California, and other harm.

5          16.    At all material times, each defendant acted under the color of the laws,
6  statutes, ordinances and regulations of the State of California, and pursuant to the actual customs,
7  policies, practices and procedures of the governmental entity by which they were employed or
8  retained.

9          17.    This complaint may be pled in the alternative pursuant to FRCivP 8(d).

10                            **IV. STATEMENT OF FACTS**

11         18.    On February 17, 2013, at approximately 2:00 a.m., Plaintiff was returning
12  with friends to a public parking lot at Broadway and Montgomery Streets in San Francisco, in
13  order to retrieve their vehicles and go home. Plaintiff and one of his friends were good-naturedly
14  horsing around, pushing each other to the ground, as they walked into the parking lot. They were
15  not fighting – no punches were thrown, no fists were clenched or raised, no injurious behavior
16  was taking place. Plaintiff was playfully pushed to the ground by his friend. Another friend then
17  immediately offered Plaintiff a hand and pulled Plaintiff back up. At that moment, the Defendant
18  San Francisco Police Officers ran up, pushed away Plaintiff's friend, and beat Mr. Hold with fists
19  and batons, without justification, ignoring the entreaties of Plaintiff's friends, and seriously
20  injuring Plaintiff.

21         19.    One or more of the Defendant San Francisco Police Officers placed
22  handcuffs on Plaintiff excessively tightly, causing him further injury and pain.

23         20.    Defendant San Francisco Police Officers ordered Plaintiff's friends to leave
24  the area, which they did, feeling threatened by the officers, although they were patrons of the
25  parking lot attempting to retrieve their vehicles so they could go home.

26         21.    Plaintiff was eventually transported to San Francisco General Hospital.
27  Plaintiff was in the hospital from approximately 2:00 a.m. to 7:00 a.m. on February 17, 2013.
28  One or more of the Defendant San Francisco Police Officers released Plaintiff from custody at the

COMPLAINT AND JURY DEMAND                                                                    4

1  hospital.

2         22.      One or more of the Defendant San Francisco Police Officers wrongfully
3  and without justification cited Plaintiff for violation of battery on a police officer, resisting or
4  obstructing a police officer, and public intoxication. On information and belief, the Defendant
5  San Francisco Police Officers provided false information to the SFPD about Plaintiff's conduct in
6  this matter so as to falsely inculpate Plaintiff, discourage Plaintiff from asserting his legal rights to
7  a remedy for Defendants' wrongful conduct, and to cover-up Defendants' misconduct.

8         23.      At all material times, Plaintiff acted peacefully and lawfully, never
9  threatened any person, and never interfered with any police officer.

10        24.      The conduct herein alleged of Defendants Police Officers, and each of
11  them, was perpetrated upon Plaintiff with intent, malice, and without provocation, or in the
12  alternative was done in reckless disregard of Plaintiff's rights. Each and every use of force
13  described herein was without warning to Plaintiff and was objectively unreasonable under the
14  circumstances. Each defendant either personally detained and/or arrested Plaintiff without
15  probable cause to arrest Plaintiff and without legal cause or excuse to seize the person of Plaintiff,
16  used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to
17  such conduct.

18        25.      The conduct herein alleged of Defendants Police Officers, and each of
19  them, was perpetrated upon Plaintiff negligently in that said defendants failed to use reasonable
20  care to ensure no excessive force was used on Plaintiff. Each and every use of force described
21  herein was without warning to Plaintiff and was objectively unreasonable under the
22  circumstances. Each defendant either personally detained and/or arrested Plaintiff without
23  probable cause to arrest Plaintiff and without legal cause or excuse to seize the person of Plaintiff,
24  used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to
25  such conduct.

26        26.      On information and belief, Defendants and other police officers,
27  including Doe Defendants 1 through 10, have given false statements, filed false police reports,
28  improperly completed Use of Force reports, concealed material information, improperly

COMPLAINT AND JURY DEMAND                                                                    5

1 investigated this matter, and have otherwise attempted to cover-up their and other officers'
2 misconduct, violations of State and Federal Constitutional rights, and other tortious and unlawful
3 conduct.

4          27.     Plaintiff is informed and believes and thereon alleges that the City and
5 County of San Francisco and Doe Defendants 11 through 40, have received numerous complaints
6 and have extensive additional information concerning use of excessive force and other acts of
7 misconduct in violation of the rules and procedures of the City and County of San Francisco, and
8 the rights of the public committed by various City and County of San Francisco Police
9 Department officers, including but not limited to the Defendant Police Officers DeJesus, Ryan,
10 Jonas, Doherty, and Doe Defendants 1 through 10.

11          28.     Defendant City and County of San Francisco, and Doe Defendants 11
12 through 40, and each of them, by their deliberate acts, reckless conduct, and negligence in failing
13 to train, supervise, discipline and/or investigate complaints and/or charges against City and
14 County of San Francisco Police Department officers, and/or the defendant police officers and Doe
15 Defendants 1 through 10, proximately caused injuries to Plaintiff.

16          29.     Plaintiff is informed and believes and thereon alleges that at all times
17 herein alleged it was the custom and policy of the City and County of San Francisco Police
18 Department, and their members, to use excessive force against citizens, to ignore known or
19 reported uses of excessive force by SFPD officers against citizens, to behave deliberately
20 indifferent to known or reported uses of excessive force by SFPD officers against citizens, and to
21 otherwise violate the rights of citizens or to ratify, tolerate, and/or implicitly encourage the
22 violation of the rights of citizens. This custom and policy is evidenced by the City and County of
23 San Francisco Police Department's failure to train, supervise, discipline and/or investigate
24 complaints and/or charges against City and County of San Francisco Police Department officers
25 who had a known propensity for violence and excessive force and for violating the rights of
26 citizens and for failing to obtain medical care for persons in their care, custody, or control.  The
27 acts herein described of Police Officers DeJesus, Jonas, Doherty Ryan, and of the Doe Defendants
28 1 through 10, and each of them, were in keeping with said customs and policies of use of

COMPLAINT AND JURY DEMAND                                                                6

1 excessive force, failure to investigate or discipline uses of excessive force, and violation of other
2 rights.

3         30.    On or about May 13, 2013, Plaintiff timely and properly caused to be
4 personally delivered to the City and County of San Francisco a claim for injuries, losses and
5 damages suffered and incurred by Plaintiff by reason of the above-described occurrences, all in
6 compliance with the requirements of the California Government Code.

7         31.    On or about July 1, 2013, the City and County of San Francisco rejected
8 Plaintiff's claim. This action is timely filed within all applicable statutes of limitation.

9                                      **V. DAMAGES**

10         32.    As a direct and proximate result of the acts and omissions of Defendants,
11 and each of them, Plaintiff sustained damages, in an amount to be determined according to proof,
12 including but not limited to a fractured right wrist, lacerations and swelling to the side of his
13 head, a concussion, bruising and swelling to the left side of the stomach, left leg, and left eye, pain
14 and suffering, emotional distress, fear, anxiety, humiliation, loss of personal reputation,
15 embarrassment, medical expenses, loss of income, loss of physical liberty, and the deprivation of
16 his State and Federal Constitutional rights to be free from unreasonable searches and seizures, to
17 be free from unreasonable and unnecessary uses of force, to be free from wrongful government
18 interference with his freedom of expression and freedom of assembly and association, and to be
19 free from bodily restraint and harm and from personal insult and injury to personal relations, as
20 guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution, the
21 California Constitution, and California Civil Code Section 43.

22         33.    Plaintiff has incurred and will continue to incur attorney's fees to vindicate
23 his rights, and thus is entitled to reasonable attorneys' fees according to proof.

24         34.    Plaintiff alleges on information and belief that the conduct of the individual
25 defendants was intentional, reckless and oppressive and was done with the intent of depriving
26 Plaintiff of his statutory and constitutional rights. The acts of the individual defendants, therefore,
27 are such that punitive damages should be imposed against them in an amount commensurate with
28 the wrongfulness alleged herein.

COMPLAINT AND JURY DEMAND        7

1

## VI. JURY DEMAND

2     35.    Plaintiff hereby demands a jury trial in this case.

3

### FIRST CAUSE OF ACTION
(Violations of Civil Rights, 42 U.S.C. § 1983)
4     (Defendants Suhr, DeJesus, Doherty, Jonas and Ryan, and Does 1-40)

5     36.    Plaintiff hereby realleges paragraphs 1 through 35 of this complaint, as

6 though set forth fully herein.

7     37.    As a direct and proximate result of the individual Defendants' actions and

8 omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment and

9 the Fourteenth Amendment to the United States Constitution, and the Constitution and laws of the

10 State of California, including but not limited to California Civil Code Section 43, in that plaintiff

11 was wrongfully and without proper cause detained, arrested, and subjected to unreasonable and

12 excessive force, and was deprived of needed medical care while in the care, custody or control of

13 Defendants.

14     38.    Defendants subjected Plaintiff to Defendants' wrongful conduct, depriving

15 Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless

16 disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or

17 omissions.

18     39.    As a direct and proximate result of Defendants' acts and/or omissions as set

19 forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 32 through 34,

20 above.

21     40.    The conduct of Defendants Suhr, DeJesus, Jonas, Ryan, Doherty, and

22 Defendants Does 1-10, and each of them, and Does 11-40, entitles Plaintiff to punitive damages

23 and penalties allowable under 42 U.S.C. § 1983.

24     41.    Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. §

25 1983 and as allowed by law.

26

### SECOND CAUSE OF ACTION
(Violation of Civil Rights, 42 U.S.C. § 1983)
27     (Defendants Suhr and City and County of San Francisco, and Does 41-100)

28     42.    Plaintiffs hereby reallege paragraphs 1 through 41 of this complaint, as

COMPLAINT AND JURY DEMAND         8

1  though set forth fully herein.

2          43.     Defendants Suhr and City and County of San Francisco, and Doe
3  Defendants 41-100, as a matter of policy, practice and custom, have with deliberate indifference
4  failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and
5  employees, including the individual Defendants herein, concerning the rights of citizens, with
6  deliberate indifference to citizens' and Plaintiff's constitutional rights, which were thereby
7  violated as described above.

8          44.     Defendants Suhr and City and County of San Francisco, and Doe
9  Defendants 41 through 100, as a matter of policy, practice and custom, have with deliberate
10 indifference failed to use adequate hiring procedures, thereby resulting in negligent and reckless
11 hiring of the individual defendants, including Defendants Police Officers DeJesus, Jonas, Ryan,
12 Doherty, and Does 1-10, with deliberate indifference to citizens' and Plaintiff's constitutional
13 rights, which were thereby violated as described above.

14         45.     The unconstitutional actions and/or omissions of Defendants Police
15 Officers DeJesus, Jonas, Doherty, Ryan, and Does 1-40, as described above, were ordered,
16 approved, tolerated, authorized, directed, and/or ratified by policy making officers for the City and
17 County of San Francisco, including Suhr and Doe Defendants 41-100.

18         46.     As a direct and proximate result of the unconstitutional actions, omissions,
19 customs, policies practices and procedures of Defendants City and County of San Francisco, and
20 Doe Defendants 41-100 as described above, Plaintiff sustained serious, severe and permanent
21 injuries as described in paragraphs 32-34 above.

22                          **THIRD CAUSE OF ACTION**
                         (Violations of California Civil Code § 52.1)
23                                  (All Defendants)

24         47.     Plaintiff hereby realleges paragraphs 1 through 46 of this complaint, as
25 though set forth fully herein.

26         48.     The unconstitutional actions and/or omissions of Defendants DeJesus,
27 Doherty, Ryan, Jonas, and Does 1-10 as described above were ordered, approved, tolerated,
28 authorized, directed, and/or ratified by policy making officers for the City and County of San

---

**COMPLAINT AND JURY DEMAND**                                                    9

1  Francisco, including Doe Defendants 41-100.

2       49.     By their acts, omissions, customs, and policies, each Defendant acting in

3  concert/conspiracy and by threats, intimidation, or coercion, as described above, violated

4  Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights

5  under the United States Constitution, and the laws of the State of California and the California

6  Constitution:

7&8      a.     The right to be free from unreasonable searches and seizures as
                secured by the Fourth and Fourteenth Amendments;

9&10     b.     The right to be free from excessive and unreasonable force in the
                course of search or seizure as secured by the Fourth and Fourteenth
                Amendments;

11&12    c.     The right to be free from wrongful government interference in one's
                freedom of expression and freedom of association with others, as
                secured by the by the First, Fourth, and Fourteenth Amendments;

13,14,15 d.     The right to be free from unlawful and unreasonable seizures of
                one's person, including the right to be free from unreasonable or
                excessive force, as secured by the California Constitution, Article 1,
                Section 13;

16,17,18 e.     The right to be free from wrongful government interference in one's
                freedom of expression and freedom of assembly and association
                with others, as secured by the California Constitution, Article 1,
                Section 2;

19&20    f.     The right to protection from bodily restraint, harm, personal insult,
                or injury to personal relations, as secured by California Civil Code
                § 43.

21       50.     As a direct and proximate result of each and every Defendants' violations

22  of California Civil Code §52.1 and of Plaintiff's rights under the United States Constitution and

23  the laws and Constitution of the State of California, Plaintiff sustained injuries and damages, and

24  against each and every Defendant is entitled to relief as set forth above at paragraphs 32-34,

25  including punitive damages against Defendants Suhr, DeJesus, Doherty, Ryan, Jonas, and

26  Does 1-10 in their individual capacities, including all damages and penalties allowed by

27  California Civil Code §§ 52, 52.1, and California law, including costs, attorneys fees, civil

28  penalties, and punitive damages.

1

## FOURTH CAUSE OF ACTION
(Negligence)
(All Defendants)

2

3          51.          Plaintiff hereby realleges paragraphs 1 through 50 of this complaint as

4   though fully set forth herein.

5          52.          At all times mentioned herein, defendants, and each of them, owed Plaintiff

6   a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

7          53.          At all times, each Defendant owed Plaintiff a duty to act with reasonable

8   care.

9          54.          These general duties of reasonable care and due care owed to Plaintiff by

10  all Defendants include but are not limited to the following specific obligations:

11              a.     to refrain from using excessive and/or unreasonable force against
                       Plaintiff;
12
13              b.     to refrain from wrongfully arresting and/or detaining Plaintiff;

14              c.     to refrain from conduct that constitutes a substantial factor causing
                       the violation of Plaintiff's rights;
15
                d.     to use generally accepted police procedures and tactics that are
16                     reasonable and necessary under the circumstances;

17              e.     to refrain from abusing their authority granted them by law;
                f.     to refrain from recommending criminal charges against Plaintiff
18                     when they lacked probable cause;

19              g.     to refrain from violating Plaintiff's rights guaranteed by law,
                       including but not limited to freedom of assembly, freedom of
20                     association and freedom of expression.

21          55.          Additionally, these general duties of reasonable care and due care owed to

22  Plaintiff by Defendants CCSF, Chief Suhr, and Does 40-100, include but are not limited to the

23  following specific obligations:

24              a.     to properly and adequately hire, investigate, train, supervise,
25                     monitor and discipline their employees, agents and/or SFPD officers
                       to ensure that those employees/agents/officers act at all times in the
26                     public interest and in conformance with law, including prohibiting
                       the Defendant San Francisco Police Officers from filing false
27                     charges against Plaintiff to cover up their own misconduct;

28              b.     to make, enforce, and at all times act in conformance with policies

COMPLAINT AND JURY DEMAND                                                                      11

1

and customs that are lawful and protective of individual rights, including Plaintiff's;

2

3

c.   to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraphs 28 and 29 above.

4

56.   Defendants' violations of Plaintiff's right to be free from detention without

5

reasonable suspicion, arrest without probable cause, use of unnecessary, excessive, unreasonable

6

force, and violation of his right to freedom of expression and freedom of assembly and

7

association, also constitute negligence *per se*.

8

57.   Defendants, through their aforesaid acts and omissions, breached each and

9

every one of the aforementioned duties owed to Plaintiff. Defendant CCSF is also vicariously

10

liable for the other defendants' negligent conduct according to the principle of *respondeat*

11

*superior*.

12

58.   As a direct and proximate result of Defendants' negligence, Plaintiff

13

sustained injuries and damages, and is entitled to relief.

14

**FIFTH CAUSE OF ACTION**

15

(Assault)
(Defendants DeJesus, Doherty, Jonas and Ryan, and Does 1-10)

16

59.   Plaintiffs hereby reallege paragraphs 1 through 58 of this complaint, as

17

though set forth fully herein.

18

60.   Defendants DeJesus, Doherty, Jonas and Ryan, and Does 1-10, and each of

19

them, by committing violence against Plaintiff, placed Plaintiff in immediate fear of great bodily

20

harm. Plaintiff did not consent to such violent and offensive acts and contact by these defendants.

21

61.   As a proximate result of the intentional and wrongful conduct of

22

Defendants DeJesus, Doherty, Jonas and Ryan, and Does 1-10, Plaintiff suffered damages.

23

**FIFTH CAUSE OF ACTION**

24

(Battery)
(Defendants DeJesus, Doherty, Jonas and Ryan, and Does 1-10)

25

62.   Plaintiff hereby realleges paragraphs 1 through 61 of this complaint, as

26

though set forth fully herein.

27

63.   Defendants DeJesus, Doherty, Jonas and Ryan, and Does 1-10, and each of

28

them, by committing violence against Plaintiff, intentionally caused offensive contact with

**COMPLAINT AND JURY DEMAND**                        12

1 | Plaintiff's person. Plaintiff did not consent to such violent and offensive acts and contact by

2 | Defendants DeJesus, Doherty, Jonas and Ryan, and Does 1-10, and each of them.

3 |            64.     As a proximate result of the intentional and wrongful conduct of

4 | Defendants DeJesus, Doherty, Jonas and Ryan, and Does 1-10, Plaintiff suffered damages.

5 |            WHEREFORE Plaintiff prays for judgment as follows:

6 |            1.     For general damages, including to compensate him for emotional distress,

7 |                 pain and suffering, according to proof at the time of trial,

8 |            2.     For special damages, including loss of earnings, according to proof at the

9 |                 time of trial;

10 |            3.     For punitive and exemplary damages as against the individual defendants

11 |                 commensurate with the acts complained of herein;

12 |            4.     For costs of suit and reasonable attorneys' fees;

13 |            5.     For actual damages, punitive and exemplary damages, a civil penalty of

14 |                 \$25,000, and attorneys fees under California Civil Code §§ 52 and 52.1;

15 |            6.     For such other and further relief and damages as the Court may deem just

16 |                 and proper.

17 | DATED: December 16, 2013               Respectfully submitted,
                                           HELBRAUN LAW FIRM

18 |

19 |

20 |                                   DAVID M. HELBRAUN
                                  Attorneys for Plaintiff

21 |                                   SEAN ALEXANDER HOLD

22 |

23 |

24 |

25 |

26 |

27 |

28 |

---

JS 44   (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SEAN ALEXANDER HOLD

**(b)** County of Residence of First Listed Plaintiff   Solano
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David M. Helbraun, Helbraun Law Firm
351 California Street, Suite 700
San francisco, CA 94104     415-982-4000

## DEFENDANTS

CITY OF SAN FRANCISCO, et. al.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

San Francisco City Attorneys Office

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. SECTION 1983
Brief description of cause:
Police Misconduct

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
1,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

**DATE**
12/16/2013

SIGNATURE OF ATTORNEY OF RECORD

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

*(Place an "X" in One Box Only)*     ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA