DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
JAMES F. HANNAWALT, State Bar #139657
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3913
Facsimile:      (415) 554-3837
E-Mail:          james.hannawalt@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN ALEXANDER HOLD,<br><br>       Plaintiff,<br><br>       vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO POLICE CHIEF GREG SUHR, POLICE OFFICER LUIS P. DEJESUS, POLICE OFFICER DOHERTY, POLICE SERGEANT RYAN, POLICE SERGEANT JONAS, and DOES 1 – 100, jointly and severally,<br><br>       Defendants. | Case No. CV 13 5814 MEJ<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Date Filed:           December 16, 2013<br>Trial Date:           None Set |

Defendant City and County of San Francisco ("Defendant") hereby answer Plaintiff's COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS as follows.  The San Francisco Police Department is an agency of the City and has no separate legal existence.  Thus, this answer is for the San Francisco Police Department as well as for the City.

   1.   Answering paragraph 1 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

2. Answering paragraph 2 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits that the Court has jurisdiction.  Defendants deny the remaining allegations in this paragraph.

3. Answering paragraph 3 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

4. Answering paragraph 4 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits the allegations in this paragraph.

5. Answering paragraph 5 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits the allegations in this paragraph

6. Answering paragraph 6 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits the allegations in this paragraph.

7. Answering paragraph 7 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits the allegations in this paragraph.

8. Answering paragraph 8 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits the allegations in this paragraph.

9. Answering paragraph 9 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits the allegations in this paragraph.

10. Answering paragraph 10 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

11. Answering paragraph 11 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

12. Answering paragraph 12 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny all the allegations in this paragraph and therefore denies them.

13. Answering paragraph 13 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore defendant are not obligated to either admit or deny the allegations in this paragraph.

14. Answering paragraph 14 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

15. Answering paragraph 15 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

16. Answering paragraph 16 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

17. Answering paragraph 17 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore defendant are not obligated to either admit or deny the allegations in this paragraph.

18. Answering paragraph 18 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny all the allegations in this paragraph and therefore denies them.

19. Answering paragraph 19 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations of this paragraph.

20. Answering paragraph 20 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

21. Answering paragraph 21 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny all the allegations in this paragraph and therefore denies them.  Defendant admits plaintiff was transported to San Francisco General Hospital where he was cited for assault on a police officer and released from police custody.

22. Answering paragraph 22 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

23. Answering paragraph 23 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

24. Answering paragraph 24 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

25. Answering paragraph 25 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant denies the allegations in this paragraph.

26. Answering paragraph 26 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

27. Answering paragraph 27 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

28. Answering paragraph 28 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

29. Answering paragraph 29 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

30. Answering paragraph 30 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits a claim was may May 31, 2013.

31. Answering paragraph 31 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant admits that on or about July 1, 2013, the City and County of San Francisco rejected plaintiff's claim.

32. Answering paragraph 33 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the damages allegations in this paragraph and therefore denies them. Defendant denies that plaintiff's constitutional rights were violated.

33. Answering paragraph 33 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

34. Answering paragraph 34 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

35. Answering paragraph 35 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore defendant are not obligated to either admit or deny the allegations in this paragraph.

36. Answering paragraph 36 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant refers to and incorporates its responses to the above paragraphs 1 through 35.

37. Answering paragraph 37 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

38. Answering paragraph 38 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

39. Answering paragraph 39 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

40. Answering paragraph 40 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph.

41. Answering paragraph 41 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore defendant are not obligated to either admit or deny the allegations in this paragraph.

42. Answering paragraph 42 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant refers to and incorporates its responses to the above paragraphs 1 through 41.

1   43. Answering paragraph 43 of Plaintiff's complaint, Defendant admits, denies, and/or
2   alleges as follows:  Defendant denies the allegations in this paragraph.

3   44. Answering paragraph 44 of Plaintiff's complaint, Defendant admits, denies, and/or
4   alleges as follows:  Defendant denies the allegations in this paragraph.

5   45. Answering paragraph 45 of Plaintiff's complaint, Defendant admits, denies, and/or
6   alleges as follows:  Defendant denies the allegations in this paragraph.

7   46. Answering paragraph 46 of Plaintiff's complaint, Defendant admits, denies, and/or
8   alleges as follows:  Defendant denies the allegations in this paragraph.

9   47. Answering paragraph 48 of Plaintiff's complaint, Defendant admits, denies, and/or
10  alleges as follows:  Defendant refers to and incorporates its responses to the above paragraphs 1
11  through 46.

12  48. Answering paragraph 48 of Plaintiff's complaint, Defendant admits, denies, and/or
13  alleges as follows:  Defendant denies the allegations in this paragraph.

14  49. Answering paragraph 49 of Plaintiff's complaint, Defendant admits, denies, and/or
15  alleges as follows:  Defendant denies the allegations in this paragraph.

16  50. Answering paragraph 50 of Plaintiff's complaint, Defendant admits, denies, and/or
17  alleges as follows:  Defendant denies the allegations in this paragraph.

18  51. Answering paragraph 51 of Plaintiff's complaint, Defendant admits, denies, and/or
19  alleges as follows:  Defendant refers to and incorporates its responses to the above paragraphs 1
20  through 50.

21  52. Answering paragraph 52 of Plaintiff's complaint, Defendant admits, denies, and/or
22  alleges as follows:  Defendant admits that it had certain duties as defined by law.  Defendant complied
23  with those duties at all times.  Defendant denies that it breached any duty or acted inappropriately.

24  53. Answering paragraph 53 of Plaintiff's complaint, Defendant admits, denies, and/or
25  alleges as follows:  Defendant admits that it had certain duties as defined by law.  Defendant complied
26  with those duties at all times.  Defendant denies that it breached any duty or acted inappropriately.

27
28

54. Answering paragraph 54 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant admits that it had certain duties as defined by law. Defendant complied with those duties at all times. Defendant denies that it breached any duty or acted inappropriately.

55. Answering paragraph 55 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant admits that it had certain duties as defined by law. Defendant complied with those duties at all times. Defendant denies that it breached any duty or acted inappropriately.

56. Answering paragraph 56 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: the allegations of this paragraph are legal conclusions and not allegations of fact and therefore defendant has no obligation to admit or deny the allegations of this paragraph.

57. Answering paragraph 57 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: the allegations of this paragraph are legal conclusions and not allegations of fact and therefore defendant has no obligation to admit or deny the allegations of this paragraph.

58. Answering paragraph 58 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant denies the allegations in this paragraph.

59. Answering paragraph 59 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant refers to and incorporates its responses to the above paragraphs 1 through 58.

60. Answering paragraph 60 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant lacks sufficient information to admit or deny the allegation in this paragraph and on that basis denies the allegations in this paragraph.

61. Answering paragraph 61 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant denies the allegations in this paragraph.

62. Answering paragraph 62 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant refers to and incorporates its responses to the above paragraphs 1 through 61.

63. Answering paragraph 63 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows: Defendant denies the allegations in this paragraph

64. Answering paragraph 64 of Plaintiff's complaint, Defendant admits, denies, and/or alleges as follows:  Defendant denies the allegations in this paragraph

<u>Affirmative Defenses</u>

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The complaint fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(No *Monell* Liability)

The complaint fails to state a federal civil rights claim under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**THIRD AFFIRMATIVE DEFENSE**

(No *Respondeat Superior* Liability)

Defendants are not liable for any acts or omissions of its employees that occurred outside of those employees' scope of employment with the City.

**FOURTH AFFIRMATIVE DEFENSE**

(Privileged and Justified Conduct)

Defendants' conduct at all times material herein was privileged and/or justified under applicable law.

**FIFTH AFFIRMATIVE DEFENSE**

(Necessary Force)

No more force was used on Plaintiff's persons than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

**SIXTH AFFIRMATIVE DEFENSE**

(Probable Cause)

At all times material hereto the officers of the San Francisco Police Department named herein had reasonable and/or probable cause to detain and restrain plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

(Valid Law Enforcement/Prosecutorial Purpose)

All activities taken by the City's agents/employees regarding the allegations in the Complaint were undertaken for valid law enforcement and/or prosecutorial purposes.

## EIGHTH AFFIRMATIVE DEFENSE

(Consent or Exigent Circumstances Existed)

Any and all searches or seizures of Plaintiff's property or person were legally justified as plaintiff consented and/or exigent circumstances existed.

## NINTH AFFIRMATIVE DEFENSE

Defendants allege as follows:

A.  That at all times mentioned in Plaintiff's complaint herein, City and County of San Francisco was and is a municipal corporation duly organized and existing by virtue of the laws of the State of California;

B.  That at all times mentioned in Plaintiff's complaint herein, the City and County of San Francisco employees concerned were and are peace officers and police officers of the City and County of San Francisco; and at all times so mentioned were acting in the course and scope of their public office, service and employment;

C.  That at all times mentioned in Plaintiff's complaint herein, said police officers acted in accordance with and pursuant to Sections 834, 835, 835a, 836, 836.5, 847, 849 and 849.5 of the California Penal Code;

D.  That at all times mentioned in Plaintiff's complaint herein, defendants were justified in the detention, arrest and/or search of plaintiff;

E.  That at all times mentioned in Plaintiff's complaint herein, Defendants were acting in good faith and/or without malice pursuant to the provisions of Section 43.55 of the California Civil Code and Sections 815, 815.2(b), 818, 810.2, 821.6, 844, 844.6 and 845.4 of the California Government Code;

F.  That as a consequence of the foregoing, Defendants are immune from liability herein, and that the Plaintiff's cause or causes of action, if any, are barred by law.

## TENTH AFFIRMATIVE DEFENSE

(Privileged Communications pursuant to California Civil Code §47)

Defendants allege that any communication made by it or any of its agents or employees was privileged pursuant to Section 47 of the California Civil Code.

## ELEVENTH AFFIRMATIVE DEFENSE

(Statutory Immunity)

Defendants allege the provisions of the California Tort Claims Act of the California Government Code and the California Penal Code as a measure of the duty of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

(Immunity From Exemplary Damages)

The City is a public entity and therefore immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code and pursuant to federal law. Chief Fong, in her official capacity, shares this immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Law Enforcement Immunity)

Law Enforcement personnel are immune from any liability therein under the common law doctrine of immunity of law enforcement personnel executing statutes in good faith, which statutes are presumed valid at the time of such execution.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Due Care in Enforcement of the Law)

Any liability of defendants is barred by the provisions of California Government Code sections 815, 815.2 and 820.4, and other applicable provisions of law and each of them, since any liability of Defendants would have resulted from the acts or omissions, if any, by public employees in the exercise of due care in the execution and enforcement of the law.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Discretion)

Defendants are not liable under the provisions of California Government Code sections 815, 815.2 and/or 820.2, and other applicable provisions of law and each of them, in that any damages to

plaintiffs as alleged in the Complaint would have resulted from acts or omission committed in the exercise of discretion vested in public employees.

### SIXTEENTH AFFIRMATIVE DEFENSE

(No Intent to Deprive of Constitutional Rights)

Defendants at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive Plaintiff of any rights under the federal or state constitutions, federal or state statutes, thereby entitling them to immunity from suit.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendants were at all times material hereto acting with subjective and/or objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Malice or Bad Faith)

Defendants did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did they intend to harm or deprive Plaintiffs of any rights.

### NINETEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The complaint and each and every cause of action therein is barred by the statute of limitations as set forth in CCP § 335, 338, 340, 342, *et seq*. and related statutes including, but not limited to, those set forth in Chapter 3 of Title 2 of the California Code of Civil Procedure. In addition, the state-law claims in Plaintiff's complaint are time-barred because Plaintiff did not file his complaint within six months of the City's rejection of his Government Code tort claim.

### TWENTIETH AFFIRMATIVE DEFENSE

(Failure To Comply With Tort Claims Act)

Plaintiffs failed to comply with the requirements of the California Tort Claims Act of the California Government Code and therefore all state claims of the Plaintiff are barred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Variance Between Tort Claim and Complaint)

Plaintiff's purported state causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 910.2, 910.4, 910.6, 911.2, 945.3, 945.5, 945.6, 946.4, 950.2 and related provisions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

The complaint and each and every cause of action therein are barred because Plaintiffs failed to mitigate damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Comparative Fault)

Plaintiff was negligent in and about the matters and activities alleged in said complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against this defendant by virtue of said complaint, Defendants prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Plaintiff's Conduct was a Proximate Cause)

At all times mentioned in Plaintiff's complaint herein, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; and that as a consequence, Plaintiff's claims are barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

Plaintiffs violated Sections of the California Penal, and plaintiffs voluntarily assumed all risks, responsibility and/or liability for the injuries which were the natural and probable cause of violating section(s) of the California Penal Code.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Remedies)

Plaintiffs have failed to exhaust his administrative or contractual remedies.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Damage)

Defendants deny that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act(s) or omissions(s) of any defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendants are immune from suit under the doctrine of qualified immunity.

## **JURY TRIAL DEMANDED**

Defendant demands a trial by jury on all causes of action and all defenses.

## **PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by way of his complaint.
2. That the Court dismiss Plaintiff's complaint with prejudice.
3. That the Court enter judgment in Defendant's favor and adversely to Plaintiff on the complaint and each cause of action therein.
4. That the Court award Defendant its attorneys fees and costs of suit.

5. That the Court provide such additional relief is it deems appropriate.

Dated: January 23, 2014

          DENNIS J. HERRERA
          City Attorney
          CHERYL ADAMS
          Chief Trial Deputy
          JAMES F. HANNAWALT
          Deputy City Attorney

        By: *JAMES F. HANNAWALT*
          JAMES F. HANNAWALT

          Attorneys for Defendants
          CITY AND COUNTY OF SAN FRANCISCO