1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  JAMES F. HANNAWALT, State Bar #139657
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3913
6  Facsimile:     (415) 554-3837
   E-Mail:         james.hannawalt@sfgov.org
7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
9  SAN FRANCISCO POLICE CHIEF GREG SUHR,
   in his official capacity only, LUIS DEJESUS, RYAN
10 DOHERTY, SCOTT RYAN, STEPHEN JONAS

11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14 SEAN ALEXANDER HOLD,                  Case No. CV 13 5814 CW

15        Plaintiff,                     **DEFENDANTS' ANSWER TO COMPLAINT
                                         FOR DAMAGES**
16        vs.

17 CITY AND COUNTY OF SAN
   FRANCISCO, SAN FRANCISCO POLICE      Date Filed:       December 16, 2013
18 DEPARTMENT, SAN FRANCISCO POLICE     Trial Date:       None Set
   CHIEF GREG SUHR, POLICE OFFICER
19 LUIS P. DEJESUS, POLICE OFFICER
   DOHERTY, POLICE SERGEANT RYAN,
20 POLICE SERGEANT JONAS, and DOES 1 –
   100, jointly and severally,
21
          Defendants.
22

23

24       Defendants SAN FRANCISCO POLICE CHIEF GREG SUHR, in his official capacity only,

25 LUIS DEJESUS, RYAN DOHERTY, SCOTT RYAN, and STEPHEN JONAS ("Defendants") hereby

26 answer Plaintiff's COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS as follows.

27       1.       Answering paragraph 1 of Plaintiff's complaint, Defendants admit, deny, and/or allege

28 as follows: Defendants lack sufficient information to admit or deny the nature of the relationship

between Plaintiff and the individuals in the parking lot; Defendants deny that no fight or injurious behavior was taking place when police intervened; Defendants deny that police were without justification to use force to place Plaintiff under arrest; Defendants lack sufficient information to admit or deny allegations related to Plaintiff's injuries.

2.      Answering paragraph 2 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit that the Court has jurisdiction.  Defendants deny the remaining allegations in this paragraph.

3.      Answering paragraph 3 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lacks sufficient information to admit or deny the allegations in this paragraph.

4.      Answering paragraph 4 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit the allegations in this paragraph.

5.      Answering paragraph 5 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit the Police Chief Greg Suhr was a policy-making official of the police department acting within the scope of his employment.

6.      Answering paragraph 6 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit the allegations in this paragraph.

7.      Answering paragraph 7 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit the allegations in this paragraph.

8.      Answering paragraph 8 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit the allegations in this paragraph.

9.      Answering paragraph 9 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit the allegations in this paragraph.

10.     Answering paragraph 10 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lacks sufficient information to admit or deny the allegations in this paragraph.

11.     Answering paragraph 11 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

12.    Answering paragraph 12 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

13.    Answering paragraph 13 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore Defendants are not obligated to either admit or deny the allegations in this paragraph.

14.    Answering paragraph 14 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

15.    Answering paragraph 15 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

16.    Answering paragraph 16 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit the police officers involved in the arrest of plaintiff were acting under color of law; Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

17.    Answering paragraph 17 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore Defendants are not obligated to either admit or deny the allegations in this paragraph.

18.    Answering paragraph 18 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny that no injurious behavior was taking place when police intervened; Defendants deny Scott Ryan and Stephen Jonas used any force on plaintiff; Defendants deny that the use of force by Luis DeJesus and Ryan Doherty was without justification; Defendants otherwise lack sufficient information to admit or deny the other allegations in this paragraph and therefore denies them.

19.    Answering paragraph 19 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants denies the allegations of this paragraph.

20.    Answering paragraph 20 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

21.     Answering paragraph 21 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit plaintiff was transported to San Francisco General Hospital where he was cited for assault on a police officer and released from police custody; otherwise Defendants lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

22.     Answering paragraph 22 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

23.     Answering paragraph 23 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

24.     Answering paragraph 24 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

25.     Answering paragraph 25 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants denies the allegations in this paragraph.

26.     Answering paragraph 26 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

27.     Answering paragraph 27 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

28.     Answering paragraph 28 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

29.     Answering paragraph 29 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

30.     Answering paragraph 30 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admit a claim was made May 31, 2013.

31.     Answering paragraph 31 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants admits that on or about July 1, 2013, the City and County of San Francisco rejected plaintiff's claim.

32.     Answering paragraph 33 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lack sufficient information to admit or deny the damages allegations in this paragraph and therefore denies them. Defendants denies that plaintiff's constitutional rights were violated.

33.     Answering paragraph 33 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

34.     Answering paragraph 34 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

35.     Answering paragraph 35 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore Defendants are not obligated to either admit or deny the allegations in this paragraph.

36.     Answering paragraph 36 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants refer to and incorporate their responses to the above paragraphs 1 through 35.

37.     Answering paragraph 37 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

38.     Answering paragraph 38 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

39.     Answering paragraph 39 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

40.     Answering paragraph 40 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this paragraph.

41.     Answering paragraph 41 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore Defendants are not obligated to either admit or deny the allegations in this paragraph.

42.     Answering paragraph 42 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants refer to and incorporate their responses to the above paragraphs 1 through 41.

43.     Answering paragraph 43 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

44.     Answering paragraph 44 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

45.     Answering paragraph 45 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

46.     Answering paragraph 46 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

47.     Answering paragraph 47 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants refer to and incorporate their responses to the above paragraphs 1 through 46.

48.     Answering paragraph 48 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

49.     Answering paragraph 49 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

50.     Answering paragraph 50 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

51.     Answering paragraph 51 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants refer to and incorporate their responses to the above paragraphs 1 through 50.

52.     Answering paragraph 52 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore Defendants are not obligated to either admit or deny the allegations in this paragraph.

53.     Answering paragraph 53 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore Defendants are not obligated to either admit or deny the allegations in this paragraph.

54.     Answering paragraph 54 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore Defendants are not obligated to either admit or deny the allegations in this paragraph.

55.     Answering paragraph 55 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: the allegations of this paragraph constitute a legal conclusion and not factual allegations, and therefore Defendants are not obligated to either admit or deny the allegations in this paragraph.

56.     Answering paragraph 56 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny plaintiff's rights were violated by his detention and arrest, or by any conduct of Defendants.

57.     Answering paragraph 57 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  the allegations of this paragraph are legal conclusions and not allegations of fact and therefore Defendants has no obligation to admit or deny the allegations of this paragraph.

58.     Answering paragraph 58 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants denies the allegations in this paragraph.

59.     Answering paragraph 59 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants refer to and incorporate their responses to the above paragraphs 1 through 58.

60.     Answering paragraph 60 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny Scott Ryan and Stephen Jonas used any force on plaintiff; Defendants deny that the use of force by Luis DeJesus and Ryan Doherty was without justification; otherwise Defendants lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies the allegations in this paragraph.

61.     Answering paragraph 61 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph.

62.     Answering paragraph 62 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants refer to and incorporate their responses to the above paragraphs 1 through 61.

63.     Answering paragraph 63 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph

64.     Answering paragraph 64 of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows:  Defendants deny the allegations in this paragraph

///

Affirmative Defenses

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The complaint fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(No *Monell* Liability)

The complaint fails to state a federal civil rights claim under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**THIRD AFFIRMATIVE DEFENSE**

(No *Respondeat Superior* Liability)

Defendants are not liable for any acts or omissions of its employees that occurred outside of those employees' scope of employment with the City.

**FOURTH AFFIRMATIVE DEFENSE**

(Privileged and Justified Conduct)

Defendants' conduct at all times material herein was privileged and/or justified under applicable law.

**FIFTH AFFIRMATIVE DEFENSE**

(Necessary Force)

No more force was used on Plaintiff's persons than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

**SIXTH AFFIRMATIVE DEFENSE**

(Probable Cause)

At all times material hereto the officers of the San Francisco Police Department named herein had reasonable and/or probable cause to detain and restrain plaintiff.

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

(Valid Law Enforcement/Prosecutorial Purpose)

3

All activities taken by the City's agents/employees regarding the allegations in the Complaint

4

were undertaken for valid law enforcement and/or prosecutorial purposes.

5

**EIGHTH AFFIRMATIVE DEFENSE**

6

(Consent or Exigent Circumstances Existed)

7

Any and all searches or seizures of Plaintiff's property or person were legally justified as

8

plaintiff consented and/or exigent circumstances existed.

9

**NINTH AFFIRMATIVE DEFENSE**

10

Defendants allege as follows:

11

A.      That at all times mentioned in Plaintiff's complaint herein, City and County of San

12

Francisco was and is a municipal corporation duly organized and existing by virtue of the laws of the

13

State of California;

14

B.      That at all times mentioned in Plaintiff's complaint herein, the City and County of San

15

Francisco employees concerned were and are peace officers and police officers of the City and County

16

of San Francisco; and at all times so mentioned were acting in the course and scope of their public

17

office, service and employment;

18

C.      That at all times mentioned in Plaintiff's complaint herein, said police officers acted in

19

accordance with and pursuant to Sections 834, 835, 835a, 836, 836.5, 847, 849 and 849.5 of the

20

California Penal Code;

21

D.      That at all times mentioned in Plaintiff's complaint herein, Defendants were justified in

22

the detention, arrest and/or search of plaintiff;

23

E.      That at all times mentioned in Plaintiff's complaint herein, Defendants were acting in

24

good faith and/or without malice pursuant to the provisions of Section 43.55 of the California Civil

25

Code and Sections 815, 815.2(b), 818, 810.2, 821.6, 844, 844.6 and 845.4 of the California

26

Government Code;

27

F.      That as a consequence of the foregoing, Defendants are immune from liability herein,

28

and that the Plaintiff's cause or causes of action, if any, are barred by law.

**TENTH AFFIRMATIVE DEFENSE**

(Privileged Communications pursuant to California Civil Code §47)

Defendants allege that any communication made by it or any of its agents or employees was privileged pursuant to Section 47 of the California Civil Code.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Statutory Immunity)

Defendants allege the provisions of the California Tort Claims Act of the California Government Code and the California Penal Code as a measure of the duty of Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

(Immunity From Exemplary Damages)

The City is a public entity and therefore immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code and pursuant to federal law. Chief Suhr, in his official capacity, shares this immunity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Law Enforcement Immunity)

Law Enforcement personnel are immune from any liability therein under the common law doctrine of immunity of law enforcement personnel executing statutes in good faith, which statutes are presumed valid at the time of such execution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Due Care in Enforcement of the Law)

Any liability of Defendants is barred by the provisions of California Government Code sections 815, 815.2, 820.4, 820.6  and other applicable provisions of law and each of them, since any liability of Defendants would have resulted from the acts or omissions, if any, by public employees in the exercise of due care in the execution and enforcement of the law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Discretion)

Defendants are not liable under the provisions of California Government Code sections 815, 815.2 and/or 820.2, and other applicable provisions of law and each of them, in that any damages to

Defs.' Answer to Complaint
USDC No. CV 13 5814

10

n:\lit\li2014\140774\00898155.doc

plaintiffs as alleged in the Complaint would have resulted from acts or omission committed in the exercise of discretion vested in public employees.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Intent to Deprive of Constitutional Rights)

Defendants at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive Plaintiff of any rights under the federal or state constitutions, federal or state statutes, thereby entitling them to immunity from suit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants were at all times material hereto acting with subjective and/or objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Malice or Bad Faith)

Defendants did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did they intend to harm or deprive Plaintiffs of any rights.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Variance Between Tort Claim and Complaint)

Plaintiff's purported state causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 910.2, 910.4, 910.6, 911.2, 945.3, 945.5, 945.6, 946.4, 950.2 and related provisions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

The complaint and each and every cause of action therein are barred because Plaintiffs failed to mitigate damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff was negligent in and about the matters and activities alleged in said complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against this Defendants by virtue of said complaint, Defendants prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Conduct was a Proximate Cause)

At all times mentioned in Plaintiff's complaint herein, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; and that as a consequence, Plaintiff's claims are barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs violated Sections of the California Penal, and plaintiffs voluntarily assumed all risks, responsibility and/or liability for the injuries which were the natural and probable cause of violating section(s) of the California Penal Code.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Damage)

Defendants deny that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act(s) or omissions(s) of any Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

Defendants are immune from suit under the doctrine of qualified immunity.

**JURY TRIAL DEMANDED**

Defendants demand a trial by jury on all causes of action and all defenses.

**PRAYER**

WHEREFORE, Defendants prays as follows:

1.      That Plaintiff take nothing by way of his complaint.

2.      That the Court dismiss Plaintiff's complaint with prejudice.

3.      That the Court enter judgment in Defendants' favor and adversely to Plaintiff on the complaint and each cause of action therein.

4.      That the Court award Defendants its attorneys fees and costs of suit.

5.      That the Court provide such additional relief is it deems appropriate.


Dated:  March 12, 2014

                                        DENNIS J. HERRERA
                                        City Attorney
                                        CHERYL ADAMS
                                        Chief Trial Deputy
                                        JAMES F. HANNAWALT
                                        Deputy City Attorney


                                    By: *James F. Hannawalt*
                                        JAMES F. HANNAWALT

                                        Attorneys for Defendants
                                        CITY AND COUNTY OF SAN FRANCISCO, ET AL.