DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
351 California Street, Suite 700
San Francisco, California 94104
Telephone: (415) 982-4000
Facsimile: (415) 434-0513

Attorneys for Plaintiff
SEAN ALEXANDER HOLD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN ALEXANDER HOLD, <br><br> Plaintiff, <br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO POLICE CHIEF GREG SUHR, OFFICER LUIS P. DEJESUS, OFFICER RYAN DOHERTY, SERGEANT SCOTT RYAN SERGEANT STEPHEN JONAS, OFFICER FERDINAND DIMAPASOC, OFFICER BRENDAN CARAWAY, OFFICER JOSE MACIAS, OFFICER IVANOV, OFFICER JOSEPH SALAZAR, OFFICER JOSHUA D. HINDS, and DOES 1-100, Jointly and Severally, <br><br> Defendants. | Case No. C 13-05814 CW <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES <br><br> JURY TRIAL DEMANDED |

Plaintiff SEAN ALEXANDER HOLD, by and through his attorneys, the HELBRAUN LAW FIRM, for his Complaint against Defendants, states as follows:

## I. INTRODUCTION

1. On February 17, 2013, at approximately 2:00 a.m., Plaintiff was returning with friends to a public parking lot at Broadway and Montgomery Streets in San Francisco, in order to retrieve their vehicles and go home. Plaintiff and one of his friends were good-naturedly pushing each other to the ground as they walked into the parking area. They were not fighting – no punches were thrown, no fists were clenched or raised, no injurious behavior was taking place.

Plaintiff was playfully pushed to the ground by his friend. Another friend then immediately offered Plaintiff a hand and pulled Plaintiff back up. At that moment, several San Francisco Police officers ran up, pushed away Plaintiff's friend, and beat Mr. Hold with fists and batons, without justification, ignoring the entreaties of Plaintiff's friends, and seriously injuring Plaintiff.

## II.  JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12133 and the statutory and common law of the State of California. Jurisdiction is based upon 28 U.S.C. § 1343 and 29 U.S.C. §§ 794 and 706(8)(B), and the Court's pendent jurisdiction over the state claims.

## III.  PARTIES

3. Plaintiff Sean Alexander Hold was at all material times a resident of the City of Fairfield, County of Solano, State of California.

4. Defendant City and County of San Francisco ("CCSF") is a municipal corporation established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the San Francisco Police Department ("SFPD"), which employs other defendants in this action.

5. Defendant Police Chief Greg Suhr at all times material was Police Chief of the SFPD, and was acting within the course and scope of his employment. As Police Chief, Defendant Suhr was a policy-making official for the Defendant CCSF with the power to make official and final policy for the SFPD.

6. Defendant Police Officer Luis P. DeJesus at all times material was employed as a police officer by Defendant CCSF, and was acting within the course and scope of his employment.

7. Defendant Police Officer Doherty at all times material was employed as a police officer by Defendant CCSF, and was acting within the course and scope of his employment.

8. Defendant Police Sergeant Ryan at all times material was employed as a police officer by Defendant CCSF, and was acting within the course and scope of his

1  employment.

2  9. Defendant Police Sergeant Jonas at all times material was employed as a
3  police officer by Defendant CCSF, and was acting within the course and scope of his
4  employment.

5  10. The true names and capacities of Defendants sued herein as DOES 1-100
6  ("Doe Defendants") are unknown to Plaintiff, who therefore sues said Defendants by such
7  fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names
8  and capacities when the same are ascertained. At all material times, each Doe defendant was an
9  employee or agent of Defendant City and County of San Francisco acting within the course and
10 scope of that employment.

11 11. DOE 1 is San Francisco Police Officer Ferdinand Dimapasoc, who at all
12 times material was employed as a police officer by Defendant CCSF, and was acting within the
13 course and scope of his employment. DOE 2 is San Francisco Police Officer Brendan Caraway,
14 who at all times material was employed as a police officer by Defendant CCSF, and was acting
15 within the course and scope of his employment. DOE 3 is San Francisco Police Officer Jose
16 Macias, who at all times material was employed as a police officer by Defendant CCSF, and was
17 acting within the course and scope of his employment. DOE 4 is San Francisco Police Officer
18 Joseph Salazar, who at all times material was employed as a police officer by Defendant CCSF,
19 and was acting within the course and scope of his employment. DOE 5 is San Francisco Police
20 Officer Ivanov, who at all times material was employed as a police officer by Defendant CCSF,
21 and was acting within the course and scope of his employment. DOE 6 is San Francisco Police
22 Officer Joshua D. Hinds, who at all times material was employed as a police officer by Defendant
23 CCSF, and was acting within the course and scope of his employment.

24 12. Defendants DeJesus, Doherty, Ryan, Jonas, Dimapasoc, Caraway, Macias,
25 Salazar, Ivanov, Hinds and Does 7-10 shall be referred to herein collectively as "Defendants San
26 Francisco Police Officers." Plaintiff is informed and believes that the Defendant San Francisco
27 Police Officers were, at the time of this incident, part of a squad assembled to address an alleged
28 riot that had occurred on Broadway, and were indiscriminately attempting to clear the parking lot

of all persons, regardless of whether those persons were actually patrons of the parking lot who needed to retrieve their vehicles.

13. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe Defendants were at all material times responsible for the hiring, training, supervision, and discipline of other Defendants, and/or directly responsible for violations of Plaintiff's rights.

14. Each individual defendant (meaning non-municipal defendants) is sued in his or her individual and official capacities.

15. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise alleged.

16. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's rights under the United States Constitution and the laws and Constitution of the State of California, and other harm.

17. At all material times, each defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California, and pursuant to the actual customs, policies, practices and procedures of the governmental entity by which they were employed or retained.

18. This complaint may be pled in the alternative, pursuant to FRCivP 8(d).

///
///

## IV. STATEMENT OF FACTS

19. On February 17, 2013, at approximately 2:00 a.m., Plaintiff was returning with friends to a public parking lot at Broadway and Montgomery Streets in San Francisco, in order to retrieve their vehicles and go home. Plaintiff and one of his friends were good-naturedly horsing around, pushing each other to the ground, as they walked into the parking lot. They were not fighting – no punches were thrown, no fists were clenched or raised, no injurious behavior was taking place. Plaintiff was playfully pushed to the ground by his friend. Another friend then immediately offered Plaintiff a hand and pulled Plaintiff back up. At that moment, the Defendants San Francisco Police Officers ran up, pushed away Plaintiff's friend, and beat Mr. Hold with fists and batons, without justification, ignoring the entreaties of Plaintiff's friends, and seriously injuring Plaintiff.

20. One or more of the Defendants San Francisco Police Officers placed handcuffs on Plaintiff excessively tightly, causing him further injury and pain.

21. Defendants San Francisco Police Officers ordered Plaintiff's friends to leave the area, which they did, feeling threatened by the officers, although they were patrons of the parking lot attempting to retrieve their vehicles so they could go home.

22. Plaintiff was eventually transported to San Francisco General Hospital. Plaintiff was in the hospital from approximately 2:00 a.m. to 7:00 a.m. on February 17, 2013. One or more of the Defendants San Francisco Police Officers released Plaintiff from custody at the hospital.

23. One or more of the Defendants San Francisco Police Officers wrongfully and without justification cited Plaintiff for violation of battery on a police officer, resisting or obstructing a police officer, and public intoxication. On information and belief, the Defendants San Francisco Police Officers provided false information to the SFPD about Plaintiff's conduct in this matter so as to falsely inculpate Plaintiff, discourage Plaintiff from asserting his legal rights to a remedy for Defendants' wrongful conduct, and to cover-up Defendants' misconduct.

24. At all material times, Plaintiff acted peacefully and lawfully, never threatened any person, and never interfered with any police officer.

25. The conduct herein alleged of Defendants San Francisco Police Officers, and each of them, was perpetrated upon Plaintiff with intent, malice, and without provocation, or in the alternative was done in reckless disregard of Plaintiff's rights. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally detained and/or arrested Plaintiff without probable cause to arrest Plaintiff and without legal cause or excuse to seize the person of Plaintiff, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

26. The conduct herein alleged of Defendants San Francisco Police Officers, and each of them, was perpetrated upon Plaintiff negligently in that said defendants failed to use reasonable care to ensure no excessive force was used on Plaintiff. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally detained and/or arrested Plaintiff without probable cause to arrest Plaintiff and without legal cause or excuse to seize the person of Plaintiff, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

27. On information and belief, Defendants San Francisco Police Officers and other police officers, including Doe Defendants 7 through 10, have given false statements, filed false police reports, improperly completed Use of Force reports, concealed material information, improperly investigated this matter, and have otherwise attempted to cover-up their and other officers' misconduct, violations of State and Federal Constitutional rights, and other tortious and unlawful conduct.

28. Plaintiff is informed and believes and thereon alleges that the City and County of San Francisco and Doe Defendants 11 through 40, have received numerous complaints and have extensive additional information concerning use of excessive force and other acts of misconduct in violation of the rules and procedures of the City and County of San Francisco, and the rights of the public committed by various City and County of San Francisco Police Department officers, including but not limited to the Defendants San Francisco Police Officers.

29.     Defendant City and County of San Francisco, and Doe Defendants 11 through 40, and each of them, by their deliberate acts, reckless conduct, and negligence in failing to train, supervise, discipline and/or investigate complaints and/or charges against City and County of San Francisco Police Department officers, and/or the defendant police officers and Doe Defendants 7 through 10, proximately caused injuries to Plaintiff.

30.     Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the custom and policy of the City and County of San Francisco Police Department, and their members, to use excessive force against citizens, to ignore known or reported uses of excessive force by SFPD officers against citizens, to behave deliberately indifferent to known or reported uses of excessive force by SFPD officers against citizens, and to otherwise violate the rights of citizens or to ratify, tolerate, and/or implicitly encourage the violation of the rights of citizens. This custom and policy is evidenced by the City and County of San Francisco Police Department's failure to train, supervise, discipline and/or investigate complaints and/or charges against City and County of San Francisco Police Department officers who had a known propensity for violence and excessive force and for violating the rights of citizens and for failing to obtain medical care for persons in their care, custody, or control.  The acts herein described of Defendants San Francisco Police Officers and of the Doe Defendants 7 through 10, and each of them, were in keeping with said customs and policies of use of excessive force, failure to investigate or discipline uses of excessive force, and violation of other rights.

31.     On or about May 13, 2013, Plaintiff timely and properly caused to be personally delivered to the City and County of San Francisco a claim for injuries, losses and damages suffered and incurred by Plaintiff by reason of the above-described occurrences, all in compliance with the requirements of the California Government Code.

32.     On or about July 1, 2013, the City and County of San Francisco rejected Plaintiff's claim. This action is timely filed within all applicable statutes of limitation.

## V. DAMAGES

33.     As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff sustained damages, in an amount to be determined according to proof,

including but not limited to a fractured right wrist, lacerations and swelling to the side of his head, a concussion, bruising and swelling to the left side of the stomach, left leg, and left eye, an inguinal hernia, pain and suffering, emotional distress, fear, anxiety, humiliation, loss of personal reputation, embarrassment, medical expenses, loss of income, loss of physical liberty, and the deprivation of his State and Federal Constitutional rights to be free from unreasonable searches and seizures, to be free from unreasonable and unnecessary uses of force, to be free from wrongful government interference with his freedom of expression and freedom of assembly and association, and to be free from bodily restraint and harm and from personal insult and injury to personal relations, as guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution, the California Constitution, and California Civil Code Section 43.

34. Plaintiff has incurred and will continue to incur attorney's fees to vindicate his rights, and thus is entitled to reasonable attorneys' fees according to proof.

35. Plaintiff alleges on information and belief that the conduct of the individual defendants was intentional, reckless and oppressive and was done with the intent of depriving Plaintiff of his statutory and constitutional rights. The acts of the individual defendants, therefore, are such that punitive damages should be imposed against them in an amount commensurate with the wrongfulness alleged herein.

## VI. JURY DEMAND

36. Plaintiff hereby demands a jury trial in this case.

### FIRST CAUSE OF ACTION
(Violations of Civil Rights, 42 U.S.C. § 1983)
(Defendants San Francisco Police Officers)

37. Plaintiff hereby realleges paragraphs 1 through 36 of this complaint, as though set forth fully herein.

38. As a direct and proximate result of the individual Defendants' actions and omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the Constitution and laws of the State of California, including but not limited to California Civil Code Section 43, in that plaintiff was wrongfully and without proper cause detained, arrested, and subjected to unreasonable and

excessive force, and was deprived of needed medical care while in the care, custody or control of Defendants.

39. Defendants San Francisco Police Officers subjected Plaintiff to Defendants' wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

40. As a direct and proximate result of Defendant San Francisco Police Officers' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 32 through 35, above.

41. The conduct of Defendants San Francisco Police Officers and Defendants Does 7-10, and each of them, and Does 11-40, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

42. Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

**SECOND CAUSE OF ACTION**
(Violation of Civil Rights, 42 U.S.C. § 1983)
(Defendants Suhr and City and County of San Francisco, and Does 41-100)

43. Plaintiffs hereby reallege paragraphs 1 through 42 of this complaint, as though set forth fully herein.

44. Defendants Suhr and City and County of San Francisco, and Doe Defendants 41-100, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual Defendants San Francisco Police Officers and Does 7-10 herein, concerning the rights of citizens, with deliberate indifference to citizens' and Plaintiff's constitutional rights, which were thereby violated as described above.

45. Defendants Suhr and City and County of San Francisco, and Doe Defendants 41 through 100, as a matter of policy, practice and custom, have with deliberate indifference failed to use adequate hiring procedures, thereby resulting in negligent and reckless hiring of the individual defendants, including Defendants San Francisco Police Officers with

deliberate indifference to citizens' and Plaintiff's constitutional rights, which were thereby violated as described above.

46. The unconstitutional actions and/or omissions of Defendants San Francisco Police Officers, as described above, were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the City and County of San Francisco, including Suhr and Doe Defendants 41-100.

47. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of Defendants City and County of San Francisco, and Doe Defendants 41-100 as described above, Plaintiff sustained serious, severe and permanent injuries as described in paragraphs 32-35 above.

**THIRD CAUSE OF ACTION**
(Violations of California Civil Code § 52.1)
(All Defendants)

48. Plaintiff hereby realleges paragraphs 1 through 47 of this complaint, as though set forth fully herein.

49. The unconstitutional actions and/or omissions of Defendants San Francisco Police Officers as described above were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the City and County of San Francisco, including Doe Defendants 41-100.

50. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy and by threats, intimidation, or coercion, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution, and the laws of the State of California and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of search or seizure as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from wrongful government interference in one's freedom of expression and freedom of association with others, as

      secured by the by the First, Fourth, and Fourteenth Amendments;

  d.  The right to be free from unlawful and unreasonable seizures of one's person, including the right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

  e.  The right to be free from wrongful government interference in one's freedom of expression and freedom of assembly and association with others, as secured by the California Constitution, Article 1, Section 2;

  f.  The right to protection from bodily restraint, harm, personal insult, or injury to personal relations, as secured by California Civil Code § 43.

51. As a direct and proximate result of each and every Defendants' violations of California Civil Code §52.1 and of Plaintiff's rights under the United States Constitution and the laws and Constitution of the State of California, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at paragraphs 32-35, including punitive damages against Defendants San Francisco Police Officers and Defendant Suhr in their individual capacities, including all damages and penalties allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys fees, civil penalties, and punitive damages.

## FOURTH CAUSE OF ACTION
(Negligence)
(All Defendants)

52. Plaintiff hereby realleges paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. At all times mentioned herein, defendants, and each of them, owed Plaintiff a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

54. At all times, each Defendant owed Plaintiff a duty to act with reasonable care.

55. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

  a.  to refrain from using excessive and/or unreasonable force against Plaintiff;

      b.      to refrain from wrongfully arresting and/or detaining Plaintiff;

      c.      to refrain from conduct that constitutes a substantial factor causing the violation of Plaintiff's rights;

      d.      to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

      e.      to refrain from abusing their authority granted them by law;

      f.      to refrain from recommending criminal charges against Plaintiff when they lacked probable cause;

      g.      to refrain from violating Plaintiff's rights guaranteed by law, including but not limited to freedom of assembly, freedom of association and freedom of expression.

56. Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants CCSF, Chief Suhr, and Does 40-100, include but are not limited to the following specific obligations:

      a.      to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents and/or SFPD officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law, including prohibiting the Defendant San Francisco Police Officers from filing false charges against Plaintiff to cover up their own misconduct;

      b.      to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

      c.      to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraphs 28 and 29 above.

57. Defendants' violations of Plaintiff's right to be free from detention without reasonable suspicion, arrest without probable cause, use of unnecessary, excessive, unreasonable force, and violation of his right to freedom of expression and freedom of assembly and association, also constitute negligence *per se*.

58. Defendants, through their aforesaid acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff. Defendant CCSF is also vicariously liable for the other defendants' negligent conduct according to the principle of *respondeat superior*.

59. As a direct and proximate result of Defendants' negligence, Plaintiff

sustained injuries and damages, and is entitled to relief.

## FIFTH CAUSE OF ACTION
(Assault)
(Defendants San Francisco Police Officers)

60. Plaintiffs hereby reallege paragraphs 1 through 59 of this complaint, as though set forth fully herein.

61. Defendants San Francisco Police Officers, and each of them, by committing violence against Plaintiff, placed Plaintiff in immediate fear of great bodily harm. Plaintiff did not consent to such violent and offensive acts and contact by these defendants.

62. As a proximate result of the intentional and wrongful conduct of Defendants San Francisco Police Officers, Plaintiff suffered damages.

## FIFTH CAUSE OF ACTION
(Battery)
(Defendants San Francisco Police Officers)

63. Plaintiff hereby realleges paragraphs 1 through 62 of this complaint, as though set forth fully herein.

64. Defendants San Francisco Police Officers, and each of them, by committing violence against Plaintiff, intentionally caused offensive contact with Plaintiff's person. Plaintiff did not consent to such violent and offensive acts and contact by Defendants San Francisco Police Officers, and each of them.

65. As a proximate result of the intentional and wrongful conduct of Defendants San Francisco Police Officers, Plaintiff suffered damages.

WHEREFORE Plaintiff prays for judgment as follows:

1. For general damages, including to compensate him for emotional distress, pain and suffering, according to proof at the time of trial,

2. For special damages, including loss of earnings, according to proof at the time of trial;

3. For punitive and exemplary damages as against the individual defendants commensurate with the acts complained of herein;

4. For costs of suit and reasonable attorneys' fees;

5. For actual damages, punitive and exemplary damages, a civil penalty of $25,000, and attorneys fees under California Civil Code §§ 52 and 52.1;

6. For such other and further relief and damages as the Court may deem just and proper.

DATED: June 10, 2014

Respectfully submitted,
HELBRAUN LAW FIRM

/s/
DAVID M. HELBRAUN
Attorneys for Plaintiff
SEAN ALEXANDER HOLD